# EXHIBIT A

# EXHIBIT A – ORIGINAL COMPLAINT

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| LEVITICUS GILLIS, | SUPERIOR COURT OF NEW JERSEY |
| | GLOUCESTER COUNTY - LAW DIV. |
| Plaintiff, | |
| | CIVIL ACTION |
| vs. | |
| | |
| AW HOLDINGS, LLC d/b/a | DOCKET NO: |
| BENCHMARK HUMAN SERVICES; and | |
| JOHN DOES 1-5 AND 6-10, | |
| | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff, Leviticus Gillis, residing in Vineland, New Jersey, by way of Complaint against

the Defendants, says:

**Preliminary Statement**

This Complaint arises under the New Jersey Law Against Discrimination ("LAD"),

alleging harassment and discrimination based on race, gender, disability and perception of

disability as well as reprisal, and under the Families First Coronavirus Relief Act ("FFCRA"),

alleging retaliation.

**Identification of Parties**

1.      Plaintiff Leviticus Gillis is, at all relevant times herein, an African-American

woman and a resident of the State of New Jersey and was an employee of the Defendants.

1

2.      Defendant AW Holdings, LLC d/b/a Benchmark Human Services ("Benchmark"), is, at all relevant times herein, an entity conducting business at 700 Second Street, Suite H, Swedesboro, New Jersey, 08085, and was Plaintiff's employer.

3.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

## General Allegations

4.      Prior to July 2019, Plaintiff was working as a Group Manager for Benchmark's predecessor, Bellwether Behavioral Health, and was retained in this position when Benchmark took over for Bellwether Behavioral Health on or about July 1, 2019.

5.      At all times, Plaintiff performed up to and/or beyond the reasonable expectations of her employer.

6.      Following Benchmark's takeover of Bellwether, Benchmark's Regional Director, Christopher Diehl, made several harassing comments based on the Plaintiff's race (African-American) and gender (female), as follows:

    a.      On or about July 19, 2019, Diehl said that he did not want to take over management of a group home Plaintiff was managing unless a male employee was managing it;

    b.      In or about April 2020, at a meeting with Plaintiff and another manager, Diehl asked Plaintiff how many "baby fathers" Plaintiff had;

    c.      In or around summer 2020, after Plaintiff had reported an employee or gossiping, at a management team meeting, Diehl commented that women gossip and men do not;

    d.      When Diehl was confronted of the sexist nature of this comment, he merely replied, "whatever";

2

    e.      In or around November 2020, when Plaintiff required medical leave for her positive COVID-19 illness and co-morbid high blood pressure condition, Diehl commented that Plaintiff was "just taking off whenever [she] felt like it" without giving an explanation;

    f.      In December 2020, Diehl dodged Plaintiff's questions about a promotion she had been promised;

    g.      In or around May 2020, Diehl made comments to Plaintiff mocking her about "how difficult it must be to be a single mom";

    h.      In fall/winter 2020, Diehl engaged in a campaign of micro-managing Plaintiff and harassed her managers and staff for information regarding Plaintiff.

7.      The above harassment was continuous, regular and ongoing such that it is all actionable under the continuing violation doctrine.

8.      The above harassment was severe and/or pervasive.

9.      The above harassing conduct was motivated by and because of, jointly and/or individually, race and gender.

10.      The harassment was such that a reasonable person in the same or similar circumstances would have found the work environment to have become hostile and/or intimidating and/or abusive.

11.      The workplace did so alter for Plaintiff.

12.      Diehl was a member of Defendants' upper management as that term is defined under the LAD.

13.      In objecting to Diehl's sexist comments made at the management team meeting in summer 2020, Plaintiff engaged in protected conduct under the LAD.

3

14.     In or about November 2019, Defendants promoted Plaintiff from her group manager position to the position of Program Coordinator.

15.     On or about October 8, 2020, Plaintiff met with Defendants' Vice President, David Ross, who told Plaintiff that she would be receiving a substantial raise in salary and that she would be promoted, first as an acting Director for another employee, who was out on maternity leave, and then to become the permanent Senior Program Coordinator, once the Director returned from her leave.

16.     In November 2020, Plaintiff became ill and tested positive for COVID-19, requiring her to take medical leave.

17.     Plaintiff initially agreed to work from home as she could even while ill, however, Diehl made demands on Plaintiff's time that did not permit her to cover from her COVID-19 illness.

18.     As Plaintiff's symptoms persisted, including co-morbid high blood pressure, her doctor advised that she refrain from working completely for two weeks.

19.     Plaintiff provided her medical documentation to Defendants, who were thus aware of Plaintiff's need for reasonable accommodation to treat for and recover from her COVID-19-related disability and co-morbid disability of high blood pressure exacerbated by her her COVID-19 illness.

20.     Following Plaintiff's provision of her medical documentation, Diehl began to send Plaintiff numerous work-related emails despite knowing of Plaintiff's medical condition and request for medical leave.

21.     By requesting medical leave for her COVID-19 illness and high blood pressure, Plaintiff engaged in protected activity under both the FFCRA and LAD.

4

22.     Upon Plaintiff's return to work after her recovery in December 2020, she discovered that a male employee who had been hired only 45 days earlier had been given the promotion that Plaintiff had been promised by Vice President Ross prior to her medical leave.

23.     In addition, Diehl reduced the amount of Plaintiff's bonus following her medical leave because a male employee had submitted his paperwork late, despite Plaintiff's having previously reported this late paperwork repeatedly to Diehl.

24.     Diehl further exhibited his bias against African-American and female employees in January 2021 when there was a mix-up with an African-American female applicant's finger printing process and Diehl commented, "do you think she has something to hide?"

25.     In late 2020, Plaintiff began to complain about Diehl's harassing and discriminatory conduct to Defendant's corporate office, including the Human Resources Department.

26.     Plaintiff thus engaged in further protected conduct under the LAD in complaining about Diehl's gender- and race-based harassment and discrimination.

27.     Despite Plaintiff's complaints, Defendants failed to take prompt, remedial action to investigation and/or address Diehl's conduct and/or to prevent further harassment and discrimination.

28.     Indeed, Diehl, plaintiff's harasser, attempted to meet with Plaintiff privately on or about January 12, 2021 after he learned of her complaints made to the corporate office.

29.     As a result of the ongoing harassment, discrimination and retaliation Plaintiff endured, Plaintiff's employment became so unbearable that no reasonable person in the same or similar circumstances would have remained in the same.

5

30.     Plaintiff was thus constructively discharged from her employment with Defendants on or about January 19, 2021.

31.     Even after her constructive discharge, Diehl engaged in further retaliation against Plaintiff by attempting to contact Plaintiff's new employer after he discovered that she had applied to work there.

32.     The harassment and adverse employment actions described above were violations of the LAD.

33.     The harassing conduct described above was based on gender and/or race, jointly and/or singly, or as part of a mixed motive, and thus constituted illegal conduct under the LAD.

34.     The adverse employment actions described above were motivated in whole or in part by Plaintiff's race, African-American.

35.     In addition and/or in the alternative, the adverse employment actions described above were motivated in whole or in part by Plaintiff's gender, female.

36.     In addition and/or in the alternative, the adverse employment actions described above were motivated, in whole or in part, by Plaintiff's disability.

37.     In addition and/or in the alternative, the adverse employment actions described above were motivated, in whole or in part, by Defendants' perception of Plaintiff's disability.

38.     In addition and/or in the alternative, the adverse employment actions described above were motivated, in whole or in part, by Plaintiff's protected activity under the LAD.

39.     At all times relevant herein, Plaintiff was eligible for leave under the FFCRA.

40.     At all times relevant herein, Defendants were covered employers under the FFCRA.

6

41.     Plaintiff's leave in November 2020 was protected under the rights provided by the FFCRA for Plaintiff's care of her own serious illness from COVID-19.

42.     In addition and/or in the alternative to the motivations described above, the adverse employment actions described above were motivated by Plaintiff's protected activity in exercising her rights under the FFCRA.

43.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and non-economic harm.

44.     Because the actions Defendants were undertaken by members of upper management and/or member of upper management were willfully indifferent to the same and because those actions were especially egregious, punitive damages are warranted.

## COUNT I

### Racial Harassment – LAD

45.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 44, as though fully set forth herein.

46.     For the reasons set forth above, Defendants are liable to Plaintiff for unlawful racial harassment in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT II

### Gender Harassment – LAD

47.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 46, as though fully set forth herein.

48.     For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful gender harassment in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

### Race Discrimination – LAD

49.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 48, as though fully set forth herein.

50.     For the reasons set forth above, the Defendants are liable to Plaintiff for race discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT IV

### Gender Discrimination – LAD

51.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 50, as though fully set forth herein.

52.     For the reasons set forth above, the Defendants are liable to Plaintiff for gender discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT V

### Disability Discrimination – LAD

53.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 52, as though fully set forth herein.

54.     For the reasons set forth above, the Defendants are liable to Plaintiff for disability discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT VI

### Perception of Disability Discrimination – LAD

55.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 54, as though fully set forth herein.

56.    For the reasons set forth above, the Defendants are liable to Plaintiff for perception of disability discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT VII

### Reprisal – LAD

57.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 56, as though fully set forth herein.

58.    For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful retaliation in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT VIII

### Constructive Discharge – LAD

59.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 58, as though fully set forth herein.

60.     For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful constructive discharge in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT IX

### Retaliation – FFCRA

61.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 60, as though fully set forth herein.

62.     For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful retaliation in violation of the FFCRA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

11

## COUNT X

### Request for Equitable Relief

63.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 62 as though fully set forth herein.

64.     Plaintiff requests the following equitable remedies and relief in this matter.

65.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey and federal law as set forth herein.

66.     Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

67.     To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

68.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

69.     Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

70.     Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

12

71.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

Dated: May 5, 2021

By:   */s/ Kevin M. Costello*
**Kevin M. Costello**

13

## DEMAND TO PRESERVE EVIDENCE

1.     All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause  of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.     Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By:   _/s/ Kevin M. Costello_
            **Kevin M. Costello**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By:        _/s/ Kevin M. Costello_
            **Kevin M. Costello**

## RULE 4:5-1 CERTIFICATION

1.      I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.      I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By:   _/s/ Kevin M. Costello_
      **Kevin M. Costello**

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**

By:   _/s/ Kevin M. Costello_
      **Kevin M. Costello**

# EXHIBIT A – SUMMONS AND AMENDED COMPLAINT

**COSTELLO & MAINS, LLC**
By: Miriam S. Edelstein
Attorney I.D. No. 037612006
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| LEVITICUS GILLIS,<br><br>     Plaintiff,<br><br>vs.<br><br>A.W. HOLDINGS LLC d/b/a<br>BENCHMARK HUMAN SERVICES and<br>JOHN DOES 1-5 AND 6-10,<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY<br>GLOUCESTER COUNTY - LAW DIV.<br><br>CIVIL ACTION<br><br>DOCKET NO: GLO-L-501-21<br><br><br>**SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

   The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

   If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

| LEVITICUS GILLIS | Plaintiff |
|---|---|
| vs. | |
| AW HOLDINGS, LLC D/B/A BENCHMARK HUMAN SERVICES, ET AL | Defendant |

**Person to be served** (Name & Address):
A.W. HOLDINGS LLC D/B/A BENCHMARK HUMAN SERVICES
C/O CT CORPORATION SYSTEM
820 BEAR TAVERN ROAD
WEST TRENTON, NJ 08628

**Attorney:**
KEVIN COSTELLO, ESQ.

Superior Court of New Jersey
Law Division
Gloucester County
Docket Number: GLO-L-000501-21

## AFFIDAVIT OF SERVICE

(For Use by Private Service)


STS2021016968

Cost of Service pursuant to R. 4:4-3(c)

$_____

**Papers Served:** Letter, Summons, First Amended Complaint, Demand to Preserve Evidence, Rule 4:5-1 Certification, CIS, Track Assignment Notice, Plaintiff's First Set of Interrogatories Directed to Defendants, Plaintiff's First Request For Production Of Documents, Certification and Lawyers Referral List

**Service Data:**

Served Successfully __X__   Not Served_____   Date: 6/9/2021   Time: 9:36 am   Attempts:_____

| | Name of Person Served and relationship / title: |
|---|---|
| _____ Delivered a copy to him / her personally | |
| _____ Left a copy with a competent household member over 14 years of age residing therein | Athalia Alvarenga |
| __X__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. | Managing Agent At R A Office |

**Description of Person Accepting Service:**

Sex: F   Age: 32   Height: 5'3"   Weight: 160   Skin Color: Brown   Hair Color: Dark Brown

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on 6/17 2021
by the affiant who is personally known to me.

NOTARY PUBLIC

Linda Rose Chirichello
NOTARY PUBLIC
State of New Jersey
My Commission Expires 3/13/2023

  

I, Sharon McCabe Villa, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Sharon McCabe Villa   6/17/21
Signature of Process Server   Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2021016968
Ref: NA

**COSTELLO & MAINS, LLC**
By: Miriam S. Edelstein
Attorney I.D. No. 037612006
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| LEVITICUS GILLIS, | SUPERIOR COURT OF NEW JERSEY GLOUCESTER COUNTY - LAW DIV. |
| Plaintiff, | |
| | CIVIL ACTION |
| vs. | |
| A.W. HOLDINGS LLC d/b/a BENCHMARK HUMAN SERVICES and JOHN DOES 1-5 AND 6-10, | DOCKET NO: GLO-L-501-21 |
| Defendants. | **SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/   Michelle M. Smith
Clerk of the Superior Court

DATED: June 7, 2021

Name of Defendant to be Served:        A.W. Holdings LLC d/b/a Benchmark Human Services

Address of Defendant to be Served:     c/o CT Corporation System
820 Bear Tavern Road
West Trenton, NJ 08628

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

GLO-L-000501-21   06/03/2021 3:49:46 PM  Pg 1 of 15 Trans ID: LCV20211359024

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| LEVITICUS GILLIS, | SUPERIOR COURT OF NEW JERSEY |
| | GLOUCESTER COUNTY - LAW DIV. |
| Plaintiff, | |
| | CIVIL ACTION |
| vs. | |
| | |
| A.W. HOLDINGS LLC d/b/a | DOCKET NO: GLO-L-501-21 |
| BENCHMARK HUMAN SERVICES and | |
| JOHN DOES 1-5 AND 6-10, | |
| | **FIRST AMENDED COMPLAINT AND** |
| Defendants. | **JURY DEMAND** |

    Plaintiff, Leviticus Gillis, residing in Vineland, New Jersey, by way of Amended Complaint against the Defendants, says:

<u>Preliminary Statement</u>

    This action arises under the New Jersey Law Against Discrimination ("LAD"), alleging harassment and discrimination based on race, gender, disability and perception of disability as well as reprisal, and under the Families First Coronavirus Relief Act ("FFCRA"), alleging retaliation.

<u>Reason for Amendment</u>

    To correct spelling of Defendant's name.

<u>Identification of Parties</u>

1.    Plaintiff Leviticus Gillis is, at all relevant times herein, an African-American woman and a resident of the State of New Jersey and was an employee of the Defendants.

1

2.   Defendant A.W. Holdings LLC d/b/a Benchmark Human Services ("Benchmark"), is, at all relevant times herein, an entity conducting business at 700 Second Street, Suite H, Swedesboro, New Jersey, 08085, and was Plaintiff's employer.

3.   Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

### General Allegations

4.   Prior to July 2019, Plaintiff was working as a Group Manager for Benchmark's predecessor, Bellwether Behavioral Health, and was retained in this position when Benchmark took over for Bellwether Behavioral Health on or about July 1, 2019.

5.   At all times, Plaintiff performed up to and/or beyond the reasonable expectations of her employer.

6.   Following Benchmark's takeover of Bellwether, Benchmark's Regional Director, Christopher Diehl, made several harassing comments based on the Plaintiff's race (African-American) and gender (female), as follows:

a.   On or about July 19, 2019, Diehl said that he did not want to take over management of a group home Plaintiff was managing unless a male employee was managing it;

b.   In or about April 2020, at a meeting with Plaintiff and another manager, Diehl asked Plaintiff how many "baby fathers" Plaintiff had;

c.   In or around summer 2020, after Plaintiff had reported an employee or gossiping, at a management team meeting, Diehl commented that women gossip and men do not;

d.   When Diehl was confronted of the sexist nature of this comment, he merely replied, "whatever";

2

e.      In or around November 2020, when Plaintiff required medical leave for her positive COVID-19 illness and co-morbid high blood pressure condition, Diehl commented that Plaintiff was "just taking off whenever [she] felt like it" without giving an explanation;

f.      In December 2020, Diehl dodged Plaintiff's questions about a promotion she had been promised;

g.      In or around May 2020, Diehl made comments to Plaintiff mocking her about "how difficult it must be to be a single mom";

h.      In fall/winter 2020, Diehl engaged in a campaign of micro-managing Plaintiff and harassed her managers and staff for information regarding Plaintiff.

7.      The above harassment was continuous, regular and ongoing such that it is all actionable under the continuing violation doctrine.

8.      The above harassment was severe and/or pervasive.

9.      The above harassing conduct was motivated by and because of, jointly and/or individually, race and gender.

10.      The harassment was such that a reasonable person in the same or similar circumstances would have found the work environment to have become hostile and/or intimidating and/or abusive.

11.      The workplace did so alter for Plaintiff.

12.      Diehl was a member of Defendants' upper management as that term is defined under the LAD.

13.      In objecting to Diehl's sexist comments made at the management team meeting in summer 2020, Plaintiff engaged in protected conduct under the LAD.

3

14.     In or about November 2019, Defendants promoted Plaintiff from her group manager position to the position of Program Coordinator.

15.     On or about October 8, 2020, Plaintiff met with Defendants' Vice President, David Ross, who told Plaintiff that she would be receiving a substantial raise in salary and that she would be promoted, first as an acting Director for another employee, who was out on maternity leave, and then to become the permanent Senior Program Coordinator, once the Director returned from her leave.

16.     In November 2020, Plaintiff became ill and tested positive for COVID-19, requiring her to take medical leave.

17.     Plaintiff initially agreed to work from home as she could even while ill, however, Diehl made demands on Plaintiff's time that did not permit her to cover from her COVID-19 illness.

18.     As Plaintiff's symptoms persisted, including co-morbid high blood pressure, her doctor advised that she refrain from working completely for two weeks.

19.     Plaintiff provided her medical documentation to Defendants, who were thus aware of Plaintiff's need for reasonable accommodation to treat for and recover from her COVID-19-related disability and co-morbid disability of high blood pressure exacerbated by her her COVID-19 illness.

20.     Following Plaintiff's provision of her medical documentation, Diehl began to send Plaintiff numerous work-related emails despite knowing of Plaintiff's medical condition and request for medical leave.

21.     By requesting medical leave for her COVID-19 illness and high blood pressure, Plaintiff engaged in protected activity under both the FFCRA and LAD.

22.   Upon Plaintiff's return to work after her recovery in December 2020, she discovered that a male employee who had been hired only 45 days earlier had been given the promotion that Plaintiff had been promised by Vice President Ross prior to her medical leave.

23.   In addition, Diehl reduced the amount of Plaintiff's bonus following her medical leave because a male employee had submitted his paperwork late, despite Plaintiff's having previously reported this late paperwork repeatedly to Diehl.

24.   Diehl further exhibited his bias against African-American and female employees in January 2021 when there was a mix-up with an African-American female applicant's finger printing process and Diehl commented, "do you think she has something to hide?"

25.   In late 2020, Plaintiff began to complain about Diehl's harassing and discriminatory conduct to Defendant's corporate office, including the Human Resources Department.

26.   Plaintiff thus engaged in further protected conduct under the LAD in complaining about Diehl's gender- and race-based harassment and discrimination.

27.   Despite Plaintiff's complaints, Defendants failed to take prompt, remedial action to investigation and/or address Diehl's conduct and/or to prevent further harassment and discrimination.

28.   Indeed, Diehl, plaintiff's harasser, attempted to meet with Plaintiff privately on or about January 12, 2021 after he learned of her complaints made to the corporate office.

29.   As a result of the ongoing harassment, discrimination and retaliation Plaintiff endured, Plaintiff's employment became so unbearable that no reasonable person in the same or similar circumstances would have remained in the same.

5

30.     Plaintiff was thus constructively discharged from her employment with Defendants on or about January 19, 2021.

31.     Even after her constructive discharge, Diehl engaged in further retaliation against Plaintiff by attempting to contact Plaintiff's new employer after he discovered that she had applied to work there.

32.     The harassment and adverse employment actions described above were violations of the LAD.

33.     The harassing conduct described above was based on gender and/or race, jointly and/or singly, or as part of a mixed motive, and thus constituted illegal conduct under the LAD.

34.     The adverse employment actions described above were motivated in whole or in part by Plaintiff's race, African-American.

35.     In addition and/or in the alternative, the adverse employment actions described above were motivated in whole or in part by Plaintiff's gender, female.

36.     In addition and/or in the alternative, the adverse employment actions described above were motivated, in whole or in part, by Plaintiff's disability.

37.     In addition and/or in the alternative, the adverse employment actions described above were motivated, in whole or in part, by Defendants' perception of Plaintiff's disability.

38.     In addition and/or in the alternative, the adverse employment actions described above were motivated, in whole or in part, by Plaintiff's protected activity under the LAD.

39.     At all times relevant herein, Plaintiff was eligible for leave under the FFCRA.

40.     At all times relevant herein, Defendants were covered employers under the FFCRA.

6

41.    Plaintiff's leave in November 2020 was protected under the rights provided by the FFCRA for Plaintiff's care of her own serious illness from COVID-19.

42.    In addition and/or in the alternative to the motivations described above, the adverse employment actions described above were motivated by Plaintiff's protected activity in exercising her rights under the FFCRA.

43.    As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and non-economic harm.

44.    Because the actions Defendants were undertaken by members of upper management and/or member of upper management were willfully indifferent to the same and because those actions were especially egregious, punitive damages are warranted.

## COUNT I

### Racial Harassment – LAD

45.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 44, as though fully set forth herein.

46.    For the reasons set forth above, Defendants are liable to Plaintiff for unlawful racial harassment in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

GLO-L-000501-21   06/03/2021 3:49:46 PM  Pg 8 of 15 Trans ID: LCV20211359024

## COUNT II

### Gender Harassment – LAD

47.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 46, as though fully set forth herein.

48.     For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful gender harassment in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

### Race Discrimination – LAD

49.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 48, as though fully set forth herein.

50.     For the reasons set forth above, the Defendants are liable to Plaintiff for race discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT IV

### Gender Discrimination – LAD

51.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 50, as though fully set forth herein.

52.     For the reasons set forth above, the Defendants are liable to Plaintiff for gender discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT V

### Disability Discrimination – LAD

53.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 52, as though fully set forth herein.

54.     For the reasons set forth above, the Defendants are liable to Plaintiff for disability discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT VI

### Perception of Disability Discrimination – LAD

55.   Plaintiff hereby repeats and re-alleges paragraphs 1 through 54, as though fully set forth herein.

56.   For the reasons set forth above, the Defendants are liable to Plaintiff for perception of disability discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT VII

### Reprisal – LAD

57.   Plaintiff hereby repeats and re-alleges paragraphs 1 through 56, as though fully set forth herein.

58.   For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful retaliation in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT VIII

### Constructive Discharge – LAD

59.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 58, as though fully set forth herein.

60.     For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful constructive discharge in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT IX

### Retaliation – FFCRA

61.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 60, as though fully set forth herein.

62.     For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful retaliation in violation of the FFCRA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

GLO-L-000501-21   06/03/2021 3:49:46 PM  Pg 12 of 15 Trans ID: LCV20211359024

## COUNT X

### Request for Equitable Relief

63.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 62 as though fully set forth herein.

64.    Plaintiff requests the following equitable remedies and relief in this matter.

65.    Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey and federal law as set forth herein.

66.    Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

67.    To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

68.    Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

69.    Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

70.    Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

12

71.    Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

COSTELLO & MAINS, LLC

By:    __/s/ Kevin M. Costello__
          Kevin M. Costello

Dated: June 3, 2021

## DEMAND TO PRESERVE EVIDENCE

1.      All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC

By: ___/s/ Kevin M. Costello_____
　　　　　 Kevin M. Costello

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, LLC

By: ____/s/ Kevin M. Costello_____
　　　　　 Kevin M. Costello

14

GLO-L-000501-21   06/03/2021 3:49:46 PM  Pg 15 of 15 Trans ID: LCV20211359024

## RULE 4:5-1 CERTIFICATION

1.   I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.   I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**


By:   */s/ Kevin M. Costello*
        Kevin M. Costello


## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**


By:   */s/ Kevin M. Costello*
        Kevin M. Costello

# EXHIBIT A – AFFIDAVIT OF SERVICE

LEVITICUS GILLIS       Plaintiff

vs.

AW HOLDINGS, LLC D/B/A BENCHMARK    Defendant
HUMAN SERVICES, ET AL

**Person to be served** (Name & Address):
A.W. HOLDINGS LLC D/B/A BENCHMARK HUMAN SERVICES
C/O CT CORPORATION SYSTEM
820 BEAR TAVERN ROAD
WEST TRENTON, NJ 08628

**Attorney:**
KEVIN COSTELLO, ESQ.

Superior Court of New Jersey
Law Division
Gloucester County
Docket Number: GLO-L-000501-21

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

STS2021016968

Cost of Service pursuant to R. 4:4-3(c)

$ _____

**Papers Served:** Letter, Summons, First Amended Complaint, Demand to Preserve Evidence, Rule 4:5-1 Certification, CIS, Track Assignment Notice, Plaintiff's First Set of Interrogatories Directed to Defendants, Plaintiff's First Request For Production Of Documents, Certification and Lawyers Referral List

**Service Data:**

Served Successfully __X__   Not Served _____   Date: 6/9/2021    Time: 9:36 am         Attempts: _____

_____ Delivered a copy to him / her personally

Name of Person Served and relationship / title:

_____ Left a copy with a competent household member over 14 years of age residing therein

Athalia Alvarenga

Managing Agent At R A Office

__X__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

**Description of Person Accepting Service:**

Sex: F   Age: 32   Height: 5'3"   Weight: 160   Skin Color: Brown      Hair Color: Dark Brown

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on _____ 2021
by the affiant who is personally known to me.

NOTARY PUBLIC

Linda Rose Chirichello
NOTARY PUBLIC
State of New Jersey
My Commission Expires 3/13/2023

I, Sharon McCabe Villa, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server      Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2021016968
Ref: NA

# EXHIBIT A – CIVIL CASE INFORMATION STATEMENT

GLO-L-000501-21   05/05/2021 12:46:17 PM  Pg 1 of 1 Trans ID: LCV20211135619

# Civil Case Information Statement

**Case Details: GLOUCESTER | Civil Part Docket# L-000501-21**

| | |
|---|---|
| Case Caption: GILLIS LEVITICUS  VS AW HOLDINGS, LLC D/B /A BENC | Case Type: LAW AGAINST DISCRIMINATION (LAD) CASES |
| Case Initiation Date: 05/05/2021 | Document Type: Complaint with Jury Demand |
| Attorney Name: KEVIN MICHAEL COSTELLO | Jury Demand: YES - 6 JURORS |
| Firm Name: COSTELLO & MAINS, LLC | Is this a professional malpractice case?  NO |
| Address: 18000 HORIZON WAY STE 800 | Related cases pending: NO |
| MT LAUREL NJ 080544319 | If yes, list docket numbers: |
| Phone: 8567279700 | Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO |
| Name of Party: PLAINTIFF : GILLIS, LEVITICUS | |
| Name of Defendant's Primary Insurance Company (if known): Unknown | Are sexual abuse claims alleged by: LEVITICUS GILLIS? NO |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
      If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
      If yes, for what language:


Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/05/2021                                                          /s/ KEVIN MICHAEL COSTELLO
Dated                                                                                          Signed

# EXHIBIT A – TRACK ASSIGNMENT NOTICE

GLO L  000501-21   05/06/2021 4:27:38 AM  Pg 1 of 1 Trans ID: LCV20211142131

GLOUCESTER COUNTY COURTHOUSE
GLOUCESTER COUNTY CIVIL DIVISION
1 NORTH BROAD ST
WOODBURY         NJ 08096
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 878-5050
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:   MAY 05, 2021
                          RE:    GILLIS LEVITICUS  VS AW HOLDINGS, LLC D/B /A BENC
                          DOCKET: GLO L -000501 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON SAMUEL J. RAGONESE

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     101
AT:  (856) 878-5050 EXT 15265.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.
                     ATTENTION:
                             ATT: KEVIN M. COSTELLO
                             COSTELLO & MAINS, LLC
                             18000 HORIZON WAY STE 800
                             MT LAUREL       NJ 08054-4319

ECOURTS